# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lee J. S., | Civ. No. 20-1583 (JRT/BRT) |
| Petitioner, | |
| v. | |
| | **REPORT AND** |
| Immigration and Customs Enforcement, | **RECOMMENDATION** |
| Respondent. | |

Lee J. S., *pro se* Petitioner.

Ana H. Voss, Esq., and Ann M. Bildtsen, Esq., Assistant United States Attorneys, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

Petitioner Lee J. S. ("Petitioner"), a native of Ghana and citizen of Liberia, is currently in the custody of the Immigration and Customs Enforcement Agency ("ICE") pending the outcome of his ongoing removal proceedings. Petitioner seeks relief in the form of release from custody pursuant to 28 U.S.C. § 2241. (Doc. No. 1, Habeas Pet 8.) For the reasons stated below, this Court recommends that the petition be granted in part and denied in part.

## BACKGROUND

Petitioner—who was born in a refugee camp in Ghana and is a citizen of Liberia—entered the United States on or about November 22, 1999, as an unadjusted

refugee. (Doc. No. 9, Van Der Vaart Decl. ¶ 4, Ex. 1.) On August 10, 2009, Petitioner's I-485 Application to Register Permanent Residence or Adjust Status was approved, and Petitioner's status was adjusted to that of a lawful permanent resident retroactive to his date of entry. (*Id.*, Ex. 1 at 2.)

Petitioner has a history of negative encounters with law enforcement beginning with a conviction for liquor – consumption by persons under 21 on April 19, 2012, and culminating in a conviction for aggravated robbery – first degree on April 7, 2017. (*Id.*, Ex. 1 at 2–3.) In connection with the latter conviction, Petitioner was sentenced to 58 months confinement. (*Id.* ¶ 13, Ex. 3 at 3, Ex. 4.) On April 24, 2017, Immigration and Customs Enforcement ("ICE") officers interviewed Petitioner at Minnesota Correctional Facility – St. Cloud while performing Institutional Hearing Program duties. (*Id.* ¶ 14.) On October 12, 2017, ICE filed a form I-247 immigration detainer Notice of Action and form I-200 Warrant of Arrest for Petitioner. (*Id.* ¶ 15, Ex. 1 at 2.) On December 1, 2017, ICE served a form I-862 notice to appear charging Petitioner as removable under section 237 (a)(2)(A)(i)(i) (conviction of two or more crimes of moral turpitude) and section 237 (a)(2(A)(i)(i)(i) (crime of violence) of the Immigration and Nationality Act ("INA"). (*Id.* ¶ 16, Ex. 5.) On May 13, 2019, ICE arrested Petitioner following his release from state custody. (*Id.* ¶ 16, Ex. 6.)

On October 7, 2019, an Immigration Judge ("IJ") at Fort Snelling, Minnesota, found Petitioner removable to Liberia. (*Id.* ¶ 17, Ex. 7.) The IJ denied Petitioner's requests for cancellation of removal, asylum, withholding of removal, and voluntary departure. (*Id.*, Ex. 7 at 16.) But the IJ granted deferral Petitioner's removal to Liberia,

2

ordering Petitioner instead removable to "any country other than LIBERIA that will accept him." (*Id.*) The Department of Homeland Security ("DHS") reserved appeal, and on October 23, 2019, DHS filed an appeal with the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 18.) That appeal was fully briefed as of December 2019, and a decision is pending. (*Id.*) On April 13, 2020, Petitioner requested a change in custody, which the IJ denied. (*Id.* ¶ 19, Ex. 8.) Petitioner did not file an appeal.

On July 15, 2020, Petitioner filed the present Habeas Petition in federal court. (Doc. No. 1.) On August 20, 2020, the Government filed its Response and the supporting Declaration of James L. Van Der Vaart. (Doc. Nos. 8–9.) Petitioner filed his Reply brief on September 1, 2020. (Doc. No. 11.)

## ANALYSIS

Petitioner argues that his prolonged and ongoing detention is unreasonable and violates his right to due process. (*See generally* Habeas Pet.; Doc. No. 11, Reply.) Petitioner also asserts a right to relief under the Eighth Amendment. (Habeas Pet. 7; Reply 7.) Respondent argues that Petitioner's ongoing detention is constitutional under the relevant statutes. (*See* Doc. No. 8, Resp.)

### A.   Habeas Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject-matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody,"

and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject-matter jurisdiction under § 2241 because Petitioner was detained within this jurisdiction in the custody of DHS at the time he filed this Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his mandatory detention without bail violates due process. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail.").

### B. Petitioner is in Custody Pursuant to § 1226(c)

Section 236 of the INA governs the civil detention of aliens before and during removal proceedings. *See* 8 U.S.C. § 1226. In certain circumstances, such as when an alien has committed a specified type or types of criminal offenses, Congress has mandated that the alien be detained during removal proceedings. INA § 236(c), 8 U.S.C. § 1226(c). In *Demore*, the Court held that "Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons . . . be detained for the brief period necessary for their removal proceedings." 538 U.S. at 513.

Section 236 should be distinguished from Section 241, which governs the detention of aliens who have already been ordered removed. 8 U.S.C. § 1231. In *Zadvydas v. Davis*, the Supreme Court held that "an alien's post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's

4

removal from the United States," and that six months of detention following the start of the statutory removal period is a "presumptively reasonable period of detention." 533 U.S. 678, 689, 701 (2001).

Because the Government's appeal to the BIA is still pending, Petitioner is not yet subject to a final order of removal. *See* 8 U.S.C. § 1231(a)(B). Consequently, his ongoing detention is governed by INA § 236. Petitioner is also subject to mandatory detention pursuant to INA § 236(c) because he has been convicted of two or more crimes involving moral turpitude, and a crime of violence. *See* 8 U.S.C. § 1226(c)(1)(B); 8 U.S.C. § 1227(a)(2)(A)(ii)–(iii); (Van Der Vaart Decl. ¶ 16, Ex. 5).

### C.  Due Process Challenge to § 1226(c) Detention

In contrast to 8 U.S.C. § 1231, the Supreme Court has not established the contours of an alien's due process rights when detained without bail pursuant to 8 U.S.C. § 1226(c). In a concurrence in *Demore*, Justice Kennedy wrote: "were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Demore*, 538 U.S. at 532–33 (Kennedy, J., concurring). Recently, the Supreme Court held that the statutory scheme does not impose an implicit time limit on an alien's detention under 8 U.S.C. § 1226(c) or require periodic bond detention hearings for continued detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 836 (2018). The Court remanded for further proceedings, however, because the Ninth Circuit "had no occasion to consider respondents' constitutional arguments on their merits." *Id.* at 852.

The Eighth Circuit has not opined on this issue, but other circuits have read the Due Process Clause to impose some form of "reasonableness" limitation on the duration of detention that can be justified under § 1226(c). *See Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199, 1214 (11th Cir. 2016); *Reid v. Donelan*, 819 F.3d 486, 494–96 (1st Cir. 2016) (opinion withdrawn on reconsideration by *Reid v. Donelan*, Nos. 14-1270, 14-1803, 14-1823, 2018 WL 4000993 (1st Cir. May 11, 2018)); *Lora v. Shanahan*, 804 F.3d 601, 614 (2d Cir. 2015) (certiorari granted, judgment vacated, and case remanded for further consideration in light of *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)); *Rodriguez v. Robbins*, 715 F.3d 1127, 1138 (9th Cir. 2013); *Diop v. ICE Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Ly v. Hansen*, 351 F.3d 263, 268 (6th Cir. 2003). The Second and Ninth Circuits, for example, have "applied a bright-line rule to cases of mandatory detention" and have held that "the government's statutory mandatory detention authority under Section 1226(c) . . . is limited to a six-month period, subject to a finding of flight risk or dangerousness." *Lora*, 804 F.3d at 614 (quoting *Rodriguez*, 715 F.3d at 1133).[1] The other circuits have held that "individualized review is necessary in order to determine whether the detention has become unreasonable." *Reid*, 819 F.3d at 495 (citing *Diop*, 656 F.3d at 233; *Ly*, 351 F.3d at 271). *Reid* set forth a number of factors to

---

[1] This approach, it would appear, has now been rejected by the Supreme Court, at least as a matter of constitutional avoidance. *Jennings*, 138 S. Ct. at 846 ("Even if courts were permitted to fashion 6-month time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.").

6

consider, *id.* at 500, but later withdrew its opinion "[i]n light of the Supreme Court's decision in *Jennings v. Rodriguez*." *Reid*, 2018 WL 4000993, at *1.

Courts within this District have recognized the due process concerns raised by indefinite pre-removal period detention. *See Muse v. Sessions*, Case No. 18-CV-54 (PJS/LIB), 2018 WL 4466052, at *3 (D. Minn. Sept. 18. 2018); *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. 17-CV-5055 (DWF/DTS), 2018 WL 2392205, at *5 (D. Minn. Mar. 26, 2018); *Tindi v. Sec'y, Dep't of Homeland Sec.*, Civil No. 17-3663 (DSD/DTS), 2018 WL 704314, at *3 (D. Minn. Feb. 5, 2018); *Davies v. Tritten*, No. 17-cv-3710 (SRN/SER), 2017 WL 4277145, at *3 (D. Minn. Sept. 25, 2017); *Phan v. Brott*, No. 17-cv-432 (DWF/HB), 2017 WL 4465285, at *4 (D. Minn. Sept. 14, 2017), *report and recommendation adopted*, 2017 WL 4460752 (D. Minn. Oct. 5, 2017); *Bah v. Cangemi*, 489 F. Supp. 2d 905 (D. Minn. 2017); *Moallin v. Cangemi*, 427 F. Supp. 2d 908, 925 (D. Minn. 2006).

In *Muse*, the court rejected the Government's argument that "the Due Process Clause imposes no limitation on the length of § 1226(c) detention when the government has not engaged in dilatory tactics." 2018 WL 4466052, at *3. Instead, the court found that "a due-process challenge to § 1226(c) detention must be resolved by closely examining the facts of the particular case to determine whether the detention is reasonable." *Id.* The court analyzed the following factors that were set forth by the First Circuit in *Reid*: (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) the delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government;

7

and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id.*[2] Applying these factors, this Court concludes that Petitioner's ongoing detention—without a bond hearing at which an IJ could consider whether he is a danger to the community or a flight risk—violates due process.

Respondent urges the Court to abandon this multi-factor test here, arguing that the controlling question is whether Petitioner's detention under 8 U.S.C. § 1226(c) continues to "serve its purported immigration purpose." (Resp. 11–12 (citing *Demore*, 538 U.S. at 527.) Respondent argues that the length of Petitioner's detention is due only to the parties' exercise of their rights in the administrative proceedings, and thus that this is not a case that merits an extraordinary constitutional remedy. (*Id.* at 13.) Respondent argues that the Supreme Court's holding in *Jennings*, where it rejected the Ninth Circuit's determination that § 1226(c) requires a bond hearing after six months' detention, "also implicitly abrogated case law that had developed in several other circuits (but not the Eighth Circuit), where courts relied on the canon of constitutional avoidance to impose implied limitations on the length of detention under § 1226(c)." (Resp. 6–7.)

Respondent's arguments "read too much into those cases." *See Abdirizak Mohamed A. v. Brott*, No. 18-CV-3063 (ECT/HB), 2020 WL 1062913, at *3 (D. Minn. Mar. 5, 2020). *Jennings* stands for the narrow proposition that it is incorrect to

---

[2]   The court stated that the *Reid* factors "represent a reasonable framework for balancing the due process interests at stake" even though they were "originally adopted in the context of reading an implicit reasonableness limitation into § 1226(c)," and "even though the First Circuit withdrew the *Reid* decision after the Supreme Court decided *Jennings*." *Muse*, 2018 WL 4466052, at *3 n.3 (quoting *Portillo v. Hott*, No. 1:18l-470, 2018 WL 3237898, at *7–9 (E.D. Va. July 3, 2018)).

8

understand § 1226(c) itself as including a requirement for periodic bond hearings. 138 S. Ct. at 842, 846–47. But it did not state "either that a § 1226(c) detention cannot ever be long enough to raise due process concerns or that the length of a detention is irrelevant to a due process challenge." *Abdirizak*, 2020 WL 1062913, at *3. As the *Abdirizak* court observed, "*Demore* says that mandatory detention under § 1226(c) is facially constitutional, but that holding cannot be separated from *Demore*'s repeated, obvious references to the 'brief' and 'very limited' duration of most § 1226(c) detentions." *Id.* (citing *Demore*, 538 U.S. at 513, 529 n.12); *see also Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 901 (D. Minn. 2020) (observing that "Justice Kennedy noted in his concurrence in *Demore* that situations may arise in which a detained person could be 'entitled to an individualized determination as to his risk of flight and dangerousness'") (citing *Demore*, 538 U.S. at 532 (Kennedy, J., concurring)). And while it is true that *Demore* does not define what a "brief" or "very limited" duration is, nor what facts might prompt a determination that a § 1226(c) detention exceeds these limits in a way that violates a Petitioner's due process, "saying it is 'inconsistent' with *Demore* to consider a § 1226(c) detention's length as part of a due-process challenge goes too far." *Abdirizak*, 2020 WL 1062913, at *3.

In sum, this Court declines the Government's invitation to break with other courts in this District and reject the *Muse* framework when evaluating a due-process challenge to a § 1226(c) detention. *Accord Abdirizak*, 2020 WL 1062913, at *3; *Deng*, 455 F. Supp. 3d at 902. Instead, this Court will apply the *Muse* framework to the present matter, addressing each *Muse* factor in turn.

### D.  Analysis of *Muse* Reasonableness Factors

1. **Total length of detention to date**. Petitioner was detained on May 13, 2019 – 547 days ago. (Van Der Vaart Decl. ¶ 16.) This Court finds that Petitioner's ongoing detention without a bond hearing for over seventeen months is unreasonable. *See Muse*, 2018 WL 4466052, at *4 (explaining that detentions of eight and ten months have been found unreasonable under the Due Process Clause) (citing *Sajous v. Decker*, 18-CV-2447 (AJN), 2018 WL 2357266, at *1, *7 (S.D.N.Y. May 23, 2018) (eight months), *Jarpa v. Mumford*, 211 F. Supp. 3d 706, 710, 717 n.6 (D. Md. 2016) (ten months), *Gordon v. Shanahan*, No. 15-261, 2015 WL 1176706, at *3–4 (S.D.N.Y. Mar. 13, 2015) (eight months)). This factor favors Petitioner.

2. **The likely duration of future detention**. "In estimating when detention will end, courts take into account the anticipated duration of all removal proceedings, including administrative and judicial appeals." *Muse*, 2018 WL 4466052, at *5. Here, the Government's appeal of the IJ's order deferring Petitioner's removal to Liberia is still pending before the BIA. (Van Der Vaart Decl. ¶ 18.) Regardless of the outcome of that appeal, either party may still appeal the BIA's eventual decision to the Eighth Circuit. Accordingly, it is reasonable to conclude that Petitioner's detention could last for many more months – this factor favors Petitioner.

3. **Conditions of detention**. "Aliens held under § 1226(c) are subject to civil detention rather than criminal incarceration. The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Muse*, 2018 WL 4466052, at *5 (internal citations

10

omitted). Petitioner is currently detained at Sherburne County Jail. Although the record on this issue is not developed, it is reasonable to presume that Petitioner is being held alongside inmates who are serving criminal sentences. *See id.* This factor also favors Petitioner.

    4.  **Delays caused by the detainee**. There is no evidence in the record that Petitioner has engaged in dilatory tactics during his removal proceedings beyond vigorously contesting his removal, as is his right. *Muse*, 2018 WL 4466052, at *4 (citation omitted). This factor also favors Petitioner.

    5.  **Delays caused by the Government**. Similarly, there is no evidence in the record that the Government has engaged in any dilatory tactics. This factor favors the Government.

    6.  **Likelihood that proceedings will result in final order of removal**. While Petitioner has been ordered removed by the IJ, that order also included a deferral of his removal to the only state where he holds citizenship – Liberia. (Van Der Vaart Decl., Ex. 7 at 16.) The Government has appealed that determination, but it is far from clear what the ultimate decision of the BIA will be, whether the BIA's decision will be appealed, and if so, what the arguments the parties might make before the Eighth Circuit would be. It is also unclear whether the Government will be able to effect Petitioner's removal to a state other than Liberia should the IJ's order deferring Petitioner's removal be affirmed. Accordingly, this Court "does not have a sufficient basis to determine" whether Petitioner is likely to be removed. 2018 WL 4466052, at *6. This factor is therefore neutral and does not favor either party. *See id.*

### E. Conclusion: Petitioner's Detention Violates Due Process

Four of the six factors favor the Petitioner's argument that his detention is unreasonable, including the most important factors: the length of detention and expected duration of future detention. Only one factor favors the Government. Therefore, based on the evaluation of the above factors, this Court concludes that Petitioner's detention is unreasonable and violates due process, and recommends that his Petition be granted in part and denied in part. This Court further recommends that an immigration judge be ordered to conduct a bond hearing within thirty days of an order granting habeas relief. *See Muse*, 2018 WL 4466052, at *6–7.

### F. Petitioner's Eighth Amendment Claim Lacks Merit

Petitioner also claims that his ongoing detention violates his rights under the Eighth Amendment. (Habeas Pet. 7; Reply 7.) To the extent Petitioner is making an argument that his detention without bail violates the Excessive Bail Clause, that claim fails.

The Eighth Amendment of the United States Constitution prohibits excessive bail. *See* U.S. Const. amend. XIII. In *Carlson v. Landon*, the Supreme Court found that the Excessive Bail Clause was derived from the English Bill of Rights Act. 342 U.S. 542 at 545 (1952). "In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail." *Id.* The Supreme Court went on to note that the "Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country," *id.* at 545, and later clarified that "the only arguable

12

substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be excessive." *United States v. Salerno*, 481 U.S. 739, 754 (1987) (internal quotations omitted).

This Court finds that to the extent Petitioner claims that denying him bail violates the Eighth Amendment, that claim is meritless. "[T]he very language of the [Eighth] Amendment fails to say all arrests must be bailable." *Carlson*, 342 U.S. at 546. The Court therefore recommends dismissal of the Petition to the extent it is based on this Eighth Amendment argument.

## RECOMMENDATION

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a writ of habeas corpus (Doc. No. 1) be **GRANTED IN PART** and **DENIED IN PART**; and

2. An immigration judge be ordered to provide Petitioner with a bond hearing within thirty days.

Date: November 9, 2020              *s/ Becky R. Thorson*_____
                                    BECKY R. THORSON
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).