UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LEE S., | Civil No. 20-1583 (JRT/BRT) |
| Petitioner, | |
| v. | **ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS MODIFIED** |
| IMMIGRATION AND CUSTOMS ENFORCEMENT | |
| Respondent. | |

---

Lee S., A077475771, Shelburne County Jail, 13880 Business Center Drive Northwest, Suite 200, Elk River, MN 55330, *pro se*;

Ana H. Voss and Ann M. Bildtsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Petitioner is a removable noncitizen being held in custody by U.S. Immigration and Customs Enforcement ("ICE"). In July 2020, Petitioner brought a habeas action under 28 U.S.C. § 2241 to challenge his ongoing pre-removal detention under 8 U.S.C. § 1226. On November 9, 2020, the Magistrate Judge found that Petitioner's pre-removal detention was unreasonable in violation of the Due Process Clause of the Fifth Amendment, as he had been detained over a period of seventeen months and had been denied a bond hearing during this time. Thus, in her Report and Recommendation ("R&R"), the Magistrate Judge recommended that Petitioner's habeas petition be granted, in part, with respect to his pre-removal due process claim, and that a bond hearing be ordered.

-1-

However, unbeknownst to the Magistrate Judge when considering Petitioner's due process claim, his removal order had already become final on September 8, 2020 and, as a result, he was subject to detention under 8 U.S.C. § 1231, not § 1226, when the R&R issued. As such, Respondent argues that Petitioner's pre-removal due process claim is now moot and thus objects to the R&R. Because any due process claim arising from Petitioner's pre-removal detention under § 1226 is moot, as he has been in post-removal detention under § 1231 since September 8, 2020 and such detention is presumptively reasonable for several more months, the Court will sustain Respondent's objection, adopt the R&R as modified, and dismiss Petitioner's habeas petition without prejudice.

## BACKGROUND

There are no objections to the factual statements contained in the R&R, which the Court adopts and summarizes here.

Petitioner, a citizen of Liberia, entered the United States on November 22, 1999, as an unadjusted refugee. (Decl. of James L. Van Der Vaart ¶ 4, Aug. 20, 2020, Docket No. 9.) On August 10, 2009, Petitioner's status was adjusted to that of a lawful permanent resident retroactive to his date of entry. (*Id.* ¶ 5.)

From 2012 to 2017, Petitioner was convicted of six criminal offenses, the last of which was a conviction for first-degree aggravated robbery. (*Id.* ¶¶ 6, 8, 10–13.) While imprisoned at a Minnesota correctional facility for the latter conviction, ICE interviewed Petitioner to determine whether he was removable based on his criminal history, and

later lodged an immigration detainer and warrant of arrest to hold and arrest him after his release from custody because he was most likely removable. (*See id.* ¶¶ 14–15.) ICE then served Petitioner with a notice to appear on December 1, 2017 for being removable under 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii) based on his convictions for multiple crimes involving "moral turpitude" and the aggravated felony, and then arrested him when he was released from state custody on May 13, 2019 pursuant to 8 U.S.C. § 1226(c). (*See id.* ¶ 16.)

On October 7, 2019, an immigration judge at the Fort Snelling, Minnesota immigration court found that Petitioner was removable to Liberia, and the immigration judge denied Petitioner's requests for cancellation of removal, asylum, withholding of removal, and voluntary departure. (*Id.* ¶ 17.) However, the immigration judge granted Petitioner a deferral of removal, which the U.S. Department of Homeland Security ("DHS") appealed to the Board of Immigration of Appeals (the "BIA") on October 23, 2019. (*Id.* ¶¶ 17–18.) DHS's appeal was fully briefed as of December 26, 2019. (*Id.* ¶ 18.)

On April 13, 2020, Petitioner requested to be released from custody during the pending appeal, which the immigration judge denied. (*See id.* ¶ 19.) Then, on July 15, 2020, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241, arguing that his prolonged detention while awaiting resolution of the appeal was unreasonable, in violation of the Due Process Clause of the Fifth Amendment (Count I), and that his

detention without bail violated the Eighth Amendment (Count II).  (Pet. Writ Habeas Corpus at 6–7, July 15, 2020, Docket No. 1.)

On November 9, 2020, the Magistrate Judge issued an R&R, in which she found that Petitioner's Eighth Amendment claim was meritless, but that his due process claim had merit, as his prolonged pre-removal detention in the absence of a bond hearing was unreasonable.  (*See* R&R at 12, Nov. 9, 2020, Docket No. 12.)  Accordingly, the Magistrate Judge recommended granting Petitioner's habeas petition, in part, and ordering an immigration judge to provide Petitioner with a bond hearing.  (*Id.* at 13.)

However, unbeknownst to the Magistrate Judge, the BIA had already issued its decision concerning DHS's appeal on September 8, 2020, (Decl. of Ana H. Voss ("Voss Decl.") ¶ 3, Ex. A at 1, Nov. 23, 2020, Docket No. 14-1), reversing the immigration judge's deferral of Petitioner's removal and ordering Petitioner removed, (Voss Decl. ¶ 3, Ex. A at 3, 5), which meant that Petitioner's removal order became final on September 8, 2020 and, as a result, he was in post-removal, not pre-removal, detention at the time the R&R issued.  (Obj. at 2, Nov. 23, 2020, Docket No. 13.)[1]  Thus, Respondent objects to the R&R, arguing that Petitioner's pre-removal due process claim is moot, given that he has been in post-removal detention since September 8, 2020 and that such detention is

---

[1] Respondent's counsel states that she received a copy of the BIA's decision on September 15, 2020 and regrets that the Court was not informed about Petitioner's change in status until November 23, 2020, as the Magistrate Judge had, by then, already considered Petitioner's habeas petition under the impression that DHS's appeal was still pending and that he was in pre-removal detention.  (*See* Obj. at 2 n.1.)  This should not happen again.

-4-

presumptively reasonable for six months following a final removal order, or, in Petitioner's case, until early March 2021. (*Id.* at 2–4.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3).

### II. DUE PROCESS CLAIM

The primary habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon federal courts to hear constitutional challenges to the lawfulness of immigration-related detentions. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Immigration-related detentions are generally governed by either 8 U.S.C. § 1226 or § 1231. *See Tindi v. Sec'y, Dep't of Homeland Sec.*, No. 17-3663, 2018 WL 704314, at *2 (D. Minn. Feb. 5, 2018).

Under § 1226, while a decision concerning whether a noncitizen should be removed is pending, detention is mandatory if the noncitizen is deportable for having

committed an offense covered in either 8 U.S.C. §§ 1227(a)(2)(A)(ii) or (iii). *See* 8 U.S.C. § 1226(c)(1)(B). Under § 1231, after a noncitizen has been found removable and is awaiting removal from the United States, detention is mandatory if the noncitizen is found removable pursuant to 8 U.S.C. § 1227(a)(2). *See* 8 U.S.C. § 1231(a)(2). In other words, § 1226 applies before a final order of removal has been entered, and § 1231 applies after a noncitizen is subject to a final order of removal, and both of them require detention when a noncitizen has committed certain criminal offenses. *See Chuol v. Sessions*, No. 17-4700, 2018 WL 1598624, at *3 (D. Minn. Feb. 27, 2018), *adopting report and recommendation*, No. 17-4700, 2018 WL 1587611 (D. Minn. Apr. 2, 2018).

Here, it is undisputed that Petitioner was mandatorily detained pursuant to § 1226 when he initially filed his Petition for Writ of Habeas Corpus, as he had committed applicable § 1227 offenses and his order of removal was not yet final. Then, as a result of not being informed that Petitioner's removal status had changed in the meantime, the Magistrate Judge considered and issued recommendations with respect to Petitioner's due process claim on November 9, 2020 under the assumption that he was still in pre-removal detention pursuant to § 1226. However, at this time, Petitioner was, in fact, in mandatory post-removal detention pursuant to § 1231, as his order of removal had become final once the BIA issued its decision on September 8, 2020. *See Stone v. I.N.S.*, 514 U.S. 386, 390 (1995).

As such, Petitioner's due process claim, and the Magistrate Judge's findings and recommendations concerning this claim, are now moot, as pre-removal due process claims are analyzed distinctly from post-removal claims when ascertaining the reasonableness of a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 526–28 (2003); *accord Alier D. v. Sec'y of Dep't of Homeland Sec.*, No. 18- 1645, 2018 WL 5847244, at *2 (D. Minn. Nov. 8, 2018) ("The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention.").

With respect to post-removal detention, which is the situation here, the Court considers the reasonability of a noncitizen's detention through a very specific lens, asking namely "whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699.  However, this question is not asked until after six months of post-removal detention have passed, as detention during the first six months is presumptively reasonable.[2]  *See id.* at 701.  As such, the Court finds that Petitioner is not entitled to habeas relief based upon a due process claim at this time, as he has been in post-removal detention for approximately four months, which is presumptively reasonable.  *Accord Alier*, 2018 WL 5847244, at *3.  The Court will therefore dismiss his Petition for Writ of Habeas Corpus without prejudice.

---

[2] In contrast, when assessing a noncitizen's pre-removal detention, the lens would likely involve "closely examining the facts of the particular case to determine whether the detention is reasonable" with no presumption of reasonability during a specified time.  *See Muse v. Sessions*, 409 F. Supp. 3d 707, 715–18 (D. Minn. 2018).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent' Objection to the Report and Recommendation [Docket No. 13] is **SUSTAINED**;

2. The Magistrate Judge's July 22, 2020 Report and Recommendation [Docket No. 12] is **ADOPTED as modified**:

    a. Count I (the Due Process claim) of the Petition for Writ of Habeas Corpus is **DENIED as moot**.

    b. The recommendation that a bond hearing be ordered is moot.

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: December 29, 2020  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
Chief Judge  
United States District Court